# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> ALEXIS CAMERON ANDERSON, et al., <br><br> Defendants. | MEMORANDUM DECISION AND ORDER DENYING MOTION FOR FORFEITURE <br><br> Case No. 2:18-cr-00472-JNP-DBP <br><br> Judge Jill N. Parrish |

Before the court is the Government's motion for an order of forfeiture as to defendant Alexis Anderson. [Docket 201]. The court DENIES the motion.

On October 2, 2019, the Government filed a Felony Information as to Anderson. [Docket 164]. The Information did not notify Anderson that the Government would seek forfeiture of any property. But in her Statements in Advance of Plea, Anderson purported to "waive the requirements regarding notice of forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment." [Docket 172]. The Government now moves for an order of forfeiture as to several handguns, arguing that the waiver provision in the Statements in Advance of Plea excuses the absence of a notice of intent to seek forfeiture in the Felony Information.

Rule 32.2(a) of the Federal Rules of Criminal Procedure states: "A court must not enter a judgment of forfeiture in a criminal proceeding unless the indictment or information contains notice to the defendant that the government will seek the forfeiture of property as part of any sentence in accordance with the applicable statute." By its plain language, this provision is not waivable by the defendant. The rule is not phrased in terms of a procedural right held by the

defendant. It is a direct command to the court explicitly prohibiting the entry of a judgment of forfeiture if notice is not given in the indictment or information. Thus, the waiver executed by Anderson is ineffective.

Because the Government did not give the required notice in the information, its motion for an order of forfeiture is DENIED. [Docket 84]. Of course, the Government may pursue any available administrative forfeiture remedy. Alternatively, if the defendant choses to withdraw her guilty plea, the Government may file a superseding information or indictment.

DATED October 30, 2019.

BY THE COURT:

_____
JILL N. PARRISH
United States District Court Judge